should be Equal Employment Opportunity Commission v. ENA, is that right? That's correct. And I'm going to ask counsel to state their appearances. I'm going to say I'll have the U.S.E. Okay. Right. Okay. All right. And Mr. Kovnat, you may begin when you're ready. Okay. Good morning, Your Honor. Your name please. I'm Philip Kovnat, counsel for the EEOC. In this subpoena enforcement case, the district court imposed a geographic restriction on the EEOC's statutory investigative authority, limiting the investigation to just one facility in Northport, Alabama. Well, but can I ask you, it limited it, but wasn't it the limitation based on the EEOC's actual charge of discrimination? No, Your Honor. The substantive allegations in the charge discuss a company practice or policy that appeared in the employee handbook. The employee handbook, by its face, applies to all seven ENA facilities in the United States. Now, the district court focused on the mailing address in the charge, but the mailing address in the charge did not override substantive allegations that appear in the charge. Can I ask you a very basic question as to why we're even here? If the EEOC wanted to charge nationwide conduct, couldn't you just issue a new charge, making it clear that it applies to all of ENA's domestic facilities? Well, Your Honor, it's true in theory that we could go back and issue a new commissioner charge. The issue here is that in the district court, ENA was opposing this charge or objecting to this charge on all sorts of grounds, on the temporal scope, on the subject matter scope, based on privacy interests of the aggrieved individuals or potential aggrieved individuals. So there was no way to know how to go back and issue a new charge that would somehow persuade ENA to actually comply. And from our perspective, the charge itself, the substance of the charge discusses an employer, a company, practice, or policy, which is an attendance. But it says specifically to the following employer within lawful employment practices, and it specifies, and I don't know if this is how to pronounce it, but Eberspacher North America, which is the Northport facility. And there isn't anything in there that says or suggests that it pertains to anything else. Well, Your Honor, just to start with, it says the above-named employer, Eberspacher North America, Inc., and then it lists an address. The address is, to be sure, for this Northport facility. But the Eberspacher has taken the position that the Northport facility is somehow a distinct entity or a distinct employer, and that just does not comport. Well, they're not just taking that position. They've submitted affidavits to suggest that that is, in fact, accurate, that they are not Eberspacher Corporation, correct? No, Your Honor. They've submitted affidavits that they have individual human resources managers at each facility and that each facility operates independently in terms of managers. But as a distinct legal entity, there is one corporation, which is Eberspacher North America, Inc. At least, I mean, also to back up, this is an investigation. The EEOC had reason to believe that there was one corporation, and there is nothing that has disabused us of that. Where's the corporate headquarters? In the record, the corporate headquarters appears to be in Novi, Michigan. So the corporate headquarters is not the address that you listed on the charge, right? That's correct. I guess what I'm trying to get at, to go back to my question, is would the EEOC have the authority right now, with the information that it has about the one complaint alleged for this one location, would the EEOC have the authority to go back now and issue a new charge against the company at the headquarters and say, I want a nationwide subpoena based on one allegation at one facility? Do you have the authority to expand the charge in that manner? Your Honor, the answer to your question is yes, and the authority exists. But as a practical matter, it would require us to go back, go through significant administrative hurdles to redo a commissioner charge. And as a matter of fact, I'd also like to just point out that as a matter of precedent, there is a big problem with the district court's opinion from our perspective because it added these extra statutory and extra regulatory requirements. The regulation, well, I'll start with the statute. The statute requires the EEOC to issue a charge in the form that the commission requires, which is somewhat circular, obviously, because it were, so that we issue regulations which requires a clear and concise statement of the facts, including relevant dates. This charge complies with those regulations, and it talks about a company practice or policy. It references the handbook, which on its face applies to all seven U.S. facilities. And so to have to go back and try to anticipate what extra words would be required. But again, let's say it applies to all seven facilities. I'm not sure that it does, but they specified or they produced an affidavit that says that they do not have custody or control of any of the documents or other information at any of the other facilities in North America. That affidavit is from the human resources manager at the Northport facility, and she stated that she does not have control over documents from other facilities. But that doesn't mean that the same policy doesn't apply in the various facilities and that this attendance point system, which is discussed in the charge, isn't a nationwide policy. Now. But is it your position that the commissioner has that any and all subpoenas that are issued by the commissioner have nationwide implications? That is not our position. Okay. So then you have to show us, and I don't know that you have at the district court level, what is the relevance of the information that you seek with respect to all these other facilities, because the EEOC charge that started this was solely based at Northport facility. Just to clarify, Your Honor, there was a charge by Joseph White, which was an individual charge. That is not the charge that is the basis for the subpoena. It's what commenced this investigation, correct? It precipitated the commissioner charge. That's correct. And I guess the issue from our perspective is that there are cases, for example, the Burlington Northern case out of the 10th Circuit, which ENA talks about a lot in its brief. That was a situation where we had an individual charge and we tried to expand it into some broader charge. There's cases where the EEOC has issued subpoenas and they've issued a subpoena to multiple entities on the same charge. So it would be, so that's I guess the concern I have, which is this charge, the way it is right now, the only person who has noticed and is being advised that this subpoena is directed at them is the entity, which is the Northport facility. There is no other facility that is referenced in this. Well, okay. So the subpoena was served on the EEOC. Well, I'm sorry. The subpoena was actually served on the corporate headquarters. The charge that determines the relevance of the information in the investigation is the charge. No, I understand. I meant the charge, not the subpoena. Oh, okay. I'm sorry. So, and if we look at the substantive allegations in the charge, it talks about a widespread employer practice appearing in the employee handbook. And so, and there was ample notice throughout this investigation with counsel for ENA that this was meant to be a nationwide charge. We were not saying that by definition a commissioner charge is a nationwide charge. We were saying that this charge implicates a policy. The handbook on its face appears to apply to all seven facilities. And therefore, and I guess the other thing I would just say as a matter of relevance is that, you know, the standard is anything that might cast light on the allegations. So, as an, we've also taken the position as an You did not provide any information to the district court as to what is the relevance of this information that you're seeking with regards to a nationwide request. Well, Your Honor, we argued that it was relevant both because the substantive allegations in the charge were about a policy that appeared to be company-wide. And then we also argued alternatively that even if you assume this charge is directed only at this one facility, the information from other facilities will cast light on that. And we can, you know, there's various Why would it cast light on it? Because, I mean, you have different managers, you have different administrators in all these different facilities. That's correct, but there's a single policy. And so, let's assume that the information about Northport reflects that certain individuals were terminated for absences, even though they claim their absences. Right, but you can have a facility where you have a rogue administrator who does something improper and that's not the case in all the other facilities. I mean, you have to provide some information that we have information that there is a company-wide policy, i.e., all the facilities have this company-wide policy that's discriminatory on its face. We referenced the handbook and the handbook was provided to the district court and the handbook on its face applies to all seven facilities. But the handbook does not contain a policy that is facially discriminatory. It's the application at this one location, correct? That's correct, but I think we need to focus. This is an investigation and the policy on its face implicates the ADA because it's this Aren't they going to argue that this is a phishing expedition? You have one complaint at one facility about the application of a facially neutral policy and you've now decided to expand it nationwide? Well, the characterization of a phishing expedition we obviously disagree with because this is a charge that implicates a policy and a core function of the EEOC A facially neutral policy. It's a policy that does not make room for accommodations which are required under the ADA. So I don't know if I would agree with facially neutral. I mean, I think it's unclear to be sure whether the policy leads directly to discrimination, but that's why there is an investigation that was commenced. And when there's a policy implicated, that is a critical function of the EEOC is to be able to determine how to assess that policy, determine who's aggrieved, if anybody, and then try to work with the employer as part of a conciliation process to, you know, reform the policy and determine if anyone was harmed by it. You seem to be concerned that the district court has added some requirements to the EEOC charge, but if the EEOC included, and you don't want to, the EEOC doesn't want to include, have to include magic words, but the word nationwide seems pretty simple if that's the charge that you're going to issue. I agree that the word is simple, but the question is not whether this was a perfect charge or whether every word with the benefit of hindsight was included. The question is whether the information sought by the subpoena is relevant to the allegations in the charge. And in our view, the district court ignored the substantive allegations in the charge and focused on the mailing address in the charge, and that is an erroneous approach to this case, and therefore, the court committed a litigable error in our view. All right. Thank you, counsel. Sir, the remainder of my time is over. Thank you. All right. Mr. Adair. May it please the Court. My name is Brett Adair, and I have the honor of representing Eberspachert this morning,  The court has already picked up on some of my arguments. The primary issue in this case is You're representing Eberspachert North America or Eberspachert Northport? North American, Judge. It is one company. Well, I mean, it seems at least to me pretty clear that the charge of discrimination is addressed to the company and not the Northport office. You're here on behalf of Northport North America, period, right? Yes, Judge. I'm here on Eberspachert North America, Inc. It is one corporate entity, but the commissioner charge issued from the commissioner in Washington, D.C. identified the following employer with unlawful employment practices as Eberspachert North America in Northport, Alabama. So the charge didn't even have to have an address on it, does it? Judge, I think the charge has to identify the place where the discrimination is to have occurred, and the underlying charge, Mr. White's charge, was based on his employment in Northport, Alabama. If the commissioner's charge did not have the address, would ENA have been required to provide the information requested below? Judge, I don't think that's the issue. Well, the issue was because Eberspachert North America in Northport received this charge. Right, but my question is if the address had been deleted and they just gave you the charge of discrimination without 6801B 5th Street, what would your client's response have been? They would have served my client in Northport, Alabama, and there probably would have been some argument about improper service, whether they should have served the corporate headquarters in Novi, Michigan. So what the court interpreted this charge as, the EEOC is asking for information about the Northport policy and not the company policy? Judge, that's correct because the information the EEOC had at the time was that there was a separate human resources team in Northport, Alabama, and as Judge Branch pointed out, there would be an implication. So Northport has different policy, different employee policies than everybody else? No, there is one employee handbook, but I think the issue before the court is the application of that policy in Northport versus the application. There was no other plant at issue. Mr. White's charge related only to the Northport, Alabama plant, and that's the basis upon which the commission charge was issued. If the EEOC had initially issued a charge to the headquarters based on this one allegation in Alabama and said this is a nationwide charge, would your client have had any room to object to the scope? Based on the notice, I believe so, Judge, because the underlying charge was based on Mr. White's claim that the attendance policy as applied to his FMLA absences was discriminatory. There were no other charges before the EEOC at that time. But they're asking about a company-wide policy, right? Yes, Your Honor. That's what the EEOC does not have the authority to request information about a company-wide policy. Judge, they certainly do. That's not the question before the court today. If there had been charges from other, in the Burlington Southern case, for instance, there were four charges from different plants, and so there was an indication that the policy was applied uniformly. So if there's only one charge of discrimination, the EEOC doesn't have the authority to ask about a policy that applies to all seven offices? Judge, I do believe they would. If their facts presented that the HR function was from the corporate headquarters, made by a decision-maker at the corporate headquarters, I don't think we would have the arguments before the court today about Northport, Alabama versus Alabama. Do they have to, in essence, There has to be a determination that there's some relevancy to the request. I mean, I don't think anyone here is disputing that the EEOC has the ability to make a nationwide charge or to do a nationwide subpoena. But they still have an obligation, regardless of whether it's the government, to show that the material requested is relevant to the charge. And so then the question becomes, is the charge here indicate that this is a nationwide request, and is it relevant to that? And I guess we're not finders of fact, and my understanding is, and you can correct me if I'm wrong and I'll ask this on rebuttal, is that the district court judge was never presented with information from the EEOC that the material requested was relevant as it applied to a nationwide issue as to all the facilities. You're correct, Your Honor. There must be some linkage between the language of the charge and the nationwide fishing expedition. I mean, we have a case from EEOC versus Royal Caribbean from the 11th Circuit that talks about that the EEOC here has not demonstrated how the information requested is relevant to this broad company-wide information. I mean, there has to be some linkage. That's correct. And the relevance requirement was added, I believe, just like the charge requirement. The EEOC must have a charge upon which to base its investigation because there is statutory language that cabins the EEOC's authority and prevents fishing expeditions like this, and that's the EEOC versus United Airlines case from the 7th Circuit. Well, the Supreme Court in McLean versus EEOC gives relevance a very expansive definition. Do I admit? He does. He does recognize that the EEOC has broad authority, but he still recognizes that relevancy requirement, and we don't believe that Judge Proctor was wrong or that he abused his discretion in finding that relevance was not shown here because of the language of the charge. And McLean basically says that our standard review is abuse of discretion. He clarified, I think, at the Supreme Court level that it was abuse of discretion and not de novo. I'm looking at the charge of discrimination itself, the Commissioner charge. It says the aggrieved individuals include all employees who have been or might in the future be adversely affected by the employment practices. It doesn't say all employees at Northport, does it? And if we're giving relevance an expansive definition, it seems like that's consistent with all ENA employees. Judge, at the subpoena level, you are correct. It used that language, and it also used the term nationwide. The first request for information came after the Commissioner charge. It did not talk about company-wide. He just made it provide options to ENs. The EEOC related to Northport only and made very clear it was for Northport only. The EEOC did not object or ask for supplementation. They issued a second RFI before the subpoena, and that was the first time over a year after the subpoena was issued that they mentioned the word nationwide that I'm aware of. So let me see if I understand your argument. They can only send this charge to headquarters in Novo, Michigan? Judge, that is one argument that we have as far as their error was that they didn't cabin the language of the Commissioner charge that it was directed nationwide. If the EEOC wants information about the company's policy, company-wide, your argument is they can only send this charge to Novo, Michigan? Judge, if they're asking for a uniformed employee handbook that applies to all seven, they could have sent it to Northport or Novo, Michigan. The policy is the policy. What the issue is is the application of the policy, in this instance, because of these decentralized human resources teams. Could the EEOC resend this charge of discrimination to Northport, Alabama and say we want, and just list all seven, the policy that applies to all seven offices? Judge, that's a very good question. One of the questions before was can they issue it now? And I'll answer both those questions. I think that in order to affect documents relating to all seven factories, they needed to send it to the human resources who has access and custody and control over those documents. So that answers my question. They can only send this charge of discrimination to ask for information about a company policy to the headquarters and not to any of the other six facilities? I don't think they could have served the subpoena on a company headquarters that's easily locatable through a Google search. As Novo, Michigan, that would have been the simple approach to do this and we wouldn't be here today. I think we would still have some relevance arguments and we probably could have worked those out at the EEOC level before it arrived at district court and here. But what happened was they didn't use the terms nationwide in the subpoena that they charged and then they waited until the subpoena to try to expand the scope. All right. So if they sent it to headquarters in Novo, Michigan, it would not be the response of ENA that there was just a charge of discrimination back at Northport, Alabama, and that's the only information they're entitled to? Judge, I do think we'd have relevance arguments, but we would not have the argument that it was improperly served and it was trying to expand beyond just the Northport facility. What about a charge that listed the Alabama address but on its face said nationwide? I assume you would continue to have relevance objections, but that would not present the problems that we're addressing today. That would prevent the problems we're addressing today. As to where they served it and where they listed it, on the face of the commissioner charge, we didn't know where it was. All right. So where would they send it and what would it say in order to avoid any relevance problems? Judge, in order to avoid any relevance problems, I believe they would have to make more of a showing of the linkage between the policy as applied. Mr. White was the only charge that they were faced with before the commissioner charge, and I believe what happened was in the process of investigating that charge, the EEOC and my client Eberspacher got sideways, and so they decided to issue a commissioner charge, and they did it in a way that was an expeditious charge. I'm trying to figure out what your response is. The EEOC is only entitled to company policy as applied to Northport, Alabama? Under these facts, because of the claim by one charging party, Mr. White, I believe so because there is a human resources team in Northport, Alabama that administered that policy. So if they sent a charge of discrimination to headquarters asking for company-wide policy, they wouldn't get the company-wide information anyway? They would have gotten a response to Northport and some objections and an invitation to conciliate and talk about that further. But, Judge, they did not make a showing in the charge that what the information they were asking for would actually provide relevant information. The charge said the practice was failing to properly categorize qualified absences, and then the subpoena asked for nationwide attendance infractions. It made no designation as to individuals with disabilities or health-related absences or attendance points. So there's a disconnect with the subpoena and what they were asking for and what the underlying disability charge was. What if we go back to my example? You get the EEO charge. It's directed to the Alabama location, and yet it says nationwide. Does the Alabama location have the ability to produce the information on a nationwide basis? The Northport, Alabama plant does not have access to those records. Obviously, it's one corporation. They would elevate it up to the corporate headquarters, and they would respond. The corporate headquarters, if the EEOC charge had been directed to the corporate headquarters and the charge stated that it was nationwide, would the corporate headquarters have been able to get the documents from all of the locations? Notwithstanding the objections as to relevance, yes, the corporate headquarters could do that. Who's the employer here? Is the employer ENA of North America or ENA Northport? Judge, the employer is ENA, Inc. The employer identified by the EEOC in the charge is Eberspacher North America, Inc., Northport, Alabama. Well, Northport, Alabama is just the address. It doesn't say that ENA of Northport is the employer. It just lists an address. Judge, I assume the submission charges have been set free for our language. In the language, I charge the following employer with unlawful employment practices and identify the employer as Eberspacher North America, in Northport, Alabama. And that's what Judge Froster pointed out, was if you had sent it to nobody. You're reading the Commissioner's charge? Yes, Your Honor. Okay. Let me ask you a question, and I apologize. Is it Mr. White? Who is his employer? Eberspacher North America, Inc. And if I may address one question about whether the EEOC can go back now and fix the issue. That's an interesting question. I think at the time they issued the original charge and we objected. They could have because Mr. White's charge was still pending. There was a right to sue issue. Mr. White pursued litigation. The case is settled now. It's over. I take the position, this is just because a question was asked, that they could not at this point because they waited too long. But I think they could have fixed this if they had taken a step early on. I know there's administrative issues and it takes time, but that's the EEOC's job and not mine. So Mr. White's case is over. But if we were to rule in EEOC's favor, would your client be responsible now for turning over all of the documents that have not yet been turned over? If you let us do it, we absolutely do. So there's no mootness issue by the fact that Mr. White's case has been resolved? Mootness in the sense that we think the EEOC has a certain timeframe to issue these charges and seek the information, and we would take the position with the district court, I suppose, that because Mr. White's charge was settled earlier this year and is now over, the EEOC has now waited some years past his original charge in order to try to fix their error. What's the timeline? The timeline is, Judge, that he filed his original charge in 2017. The commissioner charge was July of 19. Mr. White pursued litigation, I believe it was filed late last year and settled early this year. No, but I mean the timeline for the EEOC to ask for information about policies that address attendance policies and whether or not it discriminates against disabled people. Is there an expiration? Is there a timeline for an expiration for them to ask for that information? Judge, we believe that if it had been proceeding under Mr. White's charge, it should have been obviously before Wright v. Sue was issued. But if the commissioner charge was each of the EEOC's charges. It seems like they're not concerned about Mr. White anymore. They're asking for whether or not there are any other employees like Mr. White who may have been discriminated against. So when's the deadline for them to ask for that information? Judge, my argument today, without having researched that issue directly, is that they should have done that during the period of time we objected, during the period of time Mr. White's charge or litigation was in progress. I thought you told me there was a timeline for them to do it, and they failed to do it within the timeline. Judge, it's already been way too long now. I do not have a statutory deadline. All right. Thank you, counsel. We have your argument. Thank you, Judge. Mr. Carmanat, you've reserved some time. Thank you, Your Honor. Just a few points. I would like to address the standard of review. Judge Legault talked about that. So certainly McLean held that the standard of review is a piece of discretion, but I encourage the court to look at footnote three of McLean which talks about a district court still cannot base a ruling on an erroneous view of the law. And so legal issues like the proper interpretation of a charge are still subject to legal review or de novo review, even under an abusive discretion standard of review. And it's our view that the interpretation of the charge here was a legal issue that the district court did incorrectly, and the district court also applied overly restrictive standards of relevance, which is also a legal issue. The second point is Mr. Adair mentioned that there has to be a showing of a linkage in terms of the relevance between the charge and the information sought. In our view, that really puts the cart before the horse because this is an investigation. There's no way we can make a showing of relevance other than But there's cases, and I think he was using the language that I cited, from 11th Circuit precedent that talks about, this is the EEOC Royal Caribbean where there was a subpoena that was issued, and the district court said the information requested was too broad, and here it says the EEOC must still make the necessary showing of relevance in attempting to enforce its subpoena. We agree with the magistrate judge and the district court that the broad company-wide information sought by the EEOC here has not been demonstrated to be relevant to the contested issues as a result of the individual charge brought by Mr. Morabito. So my question is, I understand what you're saying, but even with respect to a subpoena, if you're expanding the request for this document request, it has to have some relevancy to the initial charge. Correct. And so this actually brings me to another point. There are two charges here. The charge that the subpoena is based on is the Commissioner charge, not the White charge. I understand that, but again, at the district court level, because we're not finders of fact, at the district court level, the EEOC did not explain or did not provide argument as to why this nationwide information was relevant. Your Honor, in our district court briefs, we talked about how this charge references a policy in the handbook and how information, wherever that policy applies, information is relevant to the charge because it talks about a broad employer practice, and the district court had the handbook in the record. The handbook on its face lists all seven E&A facilities. Mr. Adair acknowledged there's one handbook and one corporation, and so it would just be turning a blind eye to reality to cabin this investigation to just that Northport facility. And I am out of time. If the court has any additional questions, I'd be happy to answer them. All right. We have your argument. Thank you, Mr. Connatt and Mr. Adair. Thank you.